THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHIRLEY DEROUIN and KENNETH DEROUIN, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH L. KELLAR TRUCK LINE, INC., a Washington corporation, and DION WILLIAM TORRES and JANE DOE TORRES, husband and wife, and the marital community composed thereof; and EVERGREEN TAXI, LLC,<br><br>Defendants. | Case No. C08-1049-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Evergreen Taxi, LLC's Motion for Summary Judgment (Dkt. No. 42), Defendant Torres and Kenneth L. Kellar Truck Line, Inc.'s Opposition (Dkt. No. 43), Plaintiffs' Response (Dkt. No. 44), and Defendant Evergreen Taxi's Reply (Dkt. No, 45). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

ORDER
PAGE - 1

## I. BACKGROUND

This diversity case arises out of an incident that occurred on January 3, 2008, at the Bellis Fair Mall in Bellingham, Washington. Mr. and Mrs. Derouin, who are Canadian citizens, decided to go shopping at the mall when their flight was delayed out of Bellingham Airport, and hired Evergreen Taxi to transport them there. (Am. Compl. 2 (Dkt. No. 22).) According to the deposition of Glen Ethier, the taxi driver, he pulled into the entryway of a loading area at the mall, and pointed to the corridor that would allow them the easiest access inside, to comply with the Derouins' wishes to enter the "easiest, quickest, shortest way." (Ethier Dep. 21, 28 (Dkt. No. 41 at 6, 8).) Mr. Ethier then pulled up to a nearby sidewalk and deposited Plaintiffs there. (Ethier Dep. 31 (Dkt. No. 41 at 9).) After she exited the cab, Mrs. Derouin was struck by an armored vehicle driven by Defendant Torres and owned by Kenneth L. Kellar Truck Lines. (Am. Compl. 2–3 (Dkt. No. 22).) In addition to claims against the other two Defendants, Plaintiffs alleged in their amended complaint that Evergreen Taxi was negligent in depositing the Derouins "in a loading zone area not designed for pedestrians, telling them to enter a door across the loading zone, and failing to advise them that there were safer ways to access the mall and/or the door indicated." (Am. Compl. 3 (Dkt. No. 22).) Those negligence claims against Evergreen Taxi concern the Court today.

Evergreen Taxi requests summary judgment on Plaintiffs' negligence claims against it. Interestingly, Plaintiffs do not oppose this motion; apparently, they never wished to proceed against the taxi company in the first place, but were compelled to amend their Complaint to do so by the other Defendants' litigation strategy. (Pls.' Resp. 1 (Dkt. No. 44).) Defendants Kenneth L. Kellar Truck Line and Torres, however, oppose summary judgment, asserting that Evergreen's driver dropped Plaintiffs off in an inherently unsafe location, and that the driver's pointing out a door that required Plaintiffs to cross a loading zone exposed them to a reasonably foreseeable risk of harm. (Defs.' Opp. 3 (Dkt. No. 43).)

//

## II. STANDARD OF REVIEW

This is a diversity case. 28 U.S.C. § 1332. Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), the Court applies the substantive law of the State of Washington, but federal procedural rules and law—including the federal summary judgment standard. *See Gasaway v. Nw. Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994) ("In diversity cases, procedural issues related to summary judgment are controlled by federal law."); *Caesar Elec. Inc. v. Andrews*, 905 F.2d 287, 289 n.3 (9th Cir. 1990) ("under the *Erie* doctrine, federal law governs the procedural aspects of summary judgment in a diversity case"); *cf. Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001).

Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the nonmoving party, the Court determines there are no genuine issues of material fact. FED. R. CIV. P. 56(c). There is no genuine issue of fact for a trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court must inquire into "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

## III. DISCUSSION

Evergreen Taxi carried its burden in demonstrating that there is no genuine issue of material fact for trial. *Anderson*, 477 U.S. at 251. Because Plaintiff failed to rebut this evidence

or demonstrate a genuine issue of material fact, summary judgment is appropriate. *Id.*; *see also T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987).

This is a case about negligence, and the focus of this motion is the moment when the duty that Evergreen Taxi owed to Plaintiffs terminated. It is axiomatic that common carriers owe their passengers the highest degree of care. *Le Master v. Chandler*, 309 P.2d 384, 386 (Wash. 1957); *Torres v. Salty Sea Days, Inc.*, 676 P.2d 512, 517 (Wash. Ct. App. 1984). However, Evergreen Taxi's contention is that this duty terminated when the driver deposited the Derouins on the sidewalk at Bellis Fair Mall. "In the absence of any unusual inherent danger, defect or obstruction in the place of alighting, [the carrier-passenger] relation ceases upon the alighting passenger gaining a secure and maintainable footing upon the street." *Welsh v. Spokane & Inland Empire Ry.*, 157 P. 679, 680 (Wash. 1916). This principle is "well settled" in the State of Washington. *Lindgren v. Puget Sound Int'l Ry. & Power Co.*, 253 P. 791, 792 (Wash. 1927). Previous cases under this principle have instructed that duty, and its termination, is a question of law for the court. *Weitz v. Ala. Airlines, Inc.*, 134 Wash. App. 1019, 2006 WL 2112129, at * 2 (July 31, 2006) (unpublished opinion); *Lindgren*, 253 P. at 792–93.

The question in this case, therefore, turns on whether selecting the location of the drop-off in or near a loading zone, letting Plaintiffs out on a nearby sidewalk, and then indicating that they should enter the mall through a door at the far end of a loading dock[1] is an "unusual inherent danger, defect, or obstruction in the place of alighting." *Id.* at 793. The Court concludes that it is not.

No party disputes that Mr. Ethier deposited Plaintiffs on a safe sidewalk. Defendants Torres and Kenneth L. Kellar Truck Line present no evidence to contradict Mr. Ethier's

---

[1] The layout of the area in question is not clear to the Court; no party has submitted a diagram or photograph, although those exhibits are alluded to in the depositions. However, upon motion for summary judgment, the Court must take the facts in the light most favorable to the nonmoving party, and this is the nonmoving Defendants' description of the scene, which corroborates loosely with Mr. Ethier's description. (*See* Defs.' Opp. 2, 4).)

ORDER
PAGE - 4

testimony on this point. After pointing out the door that would allow them quick entry into the mall, Mr. Ethier testified that he then "continued to drive to the sidewalk" and dropped them off at the curb, where they exited the cab. (Ethier Dep. 31 (Dkt. No. 41 at 9).) He said that he did not instruct either of the Derouins to take a particular path or route to get from the sidewalk to the corridor. (*Id*. at 33, 57–58 (Dkt. No. 41 at 9, 13–14).)[2] Mrs. Derouin's testimony is not directly contradictory; she merely indicated that "[w]e were heading for the ramp." (Derouin Dep. 30 (Dkt. No. 41 at 24).)

In *Carter v. Spokane United Rys.*, 288 P. 247 (Wash. 1930), the Washington Supreme Court found that there was no inherent danger when a streetcar deposited a passenger thirteen feet north of the crosswalk—technically, it seems, in the middle of the street—where he was struck by an automobile. *Id.* at 248. A prior case, *Lindgren*, presented essentially the same issue, except that the streetcar stopped forty feet beyond the ordinary stopping place, into an intersection; again, the defendant streetcar was not negligent when the passenger was struck by an oncoming car. *Lindgren*, 253 P. at 793. The sidewalk here gave Plaintiff solid footing, unlike *Henry v. Grant St. Elec. Ry. Co.*, 64 P. 137, 248 (Wash. 1901), in which the streetcar deposited a passenger on an open trestle in the dark of night. Nor is there any indication that Mrs. Derouin was incapable of taking care of herself, which, if Mr. Ethier were aware of it, may have triggered a continuing duty. *Welsh*, 157 P. at 681 (intoxicated passenger); *Weitz*, 2006 WL 2112129, at *4 (disabled passenger). Nor was the Bellis Fair Mall in the sole control of the taxi company. *See Zorotovich v. Wash. Toll Bridge Auth.*, 491 P.2d 1295, 1298 (Wash. 1971). Mrs. Derouin ceased to be a passenger when she exited the cab, and Evergreen Taxi's common-carrier duty to her ended at that moment.

---

[2] Although it is not clear from Mr. Ethier's deposition whether the sidewalk extended to the corridor that Mr. Ethier indicated, (*Compare* Ethier Dep. at 37 *with id.* at 57 (Dkt. No. 41 at 10, 13), the deposition of Gene Bucksbaum indicates that sidewalks connect all corridor doors. (Bucksbaum Dep. 26 (Dkt. No. 41 at 19).) This fact is not material; as explained here, the taxi company's duty ended when the Derouins alighted safely on a solid sidewalk.

ORDER
PAGE - 5

## IV. CONCLUSION

For the foregoing reasons, Evergreen Taxi, LLC's Motion for Summary Judgment (Dkt. No. 42) is GRANTED.

DATED this 29th day of January, 2010.

/s/ John C. Coughenour

John C. Coughenour
UNITED STATES DISTRICT JUDGE