THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHIRLEY DEROUIN and KENNETH DEROUIN, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH L. KELLAR TRUCK LINE, INC, a Washington Corporation, and DION WILLIAM TORRIES and JANE DOE TORRES, husband and wife, and the marital community thereof,<br><br>Defendants. | Case No. C08-1049-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' objection to Plaintiffs' attempt to admit evidence of Defendants' subsequent remedial measure, namely, Defendants' later decision to allow messengers to stand outside the armored truck to assist with reversing the vehicle. The Court sustained the objection. Plaintiffs' filed their opposition (Dkt. No. 91), and Defendants similarly filed their position (Dkt. No. 92). Having thoroughly considered the parties' positions and the relevant record, the Court maintains sustaining Defendant's objection.

Federal Rule of Evidence 407 generally provides that evidence of a subsequent

ORDER, C08-1049-JCC
PAGE - 1

1 remedial measure is inadmissible to prove negligence. Rule 407 includes an exception,
2 however, when the evidence is offered to prove "feasibility of precautionary measures, if
3 controverted." Plaintiffs contend that Defendants have placed feasibility in issue by alluding to
4 a company policy that precluded truck messengers from exiting the truck to assist in its
5 maneuvering. (Dkt. No. 91 at 2). Defendants have not placed in issue the feasibility of such
6 conduct. *See Gauthier v. AMF, Inc.*, 788 F.2d 634, 638 (9th Cir. 1986) ("[W]here a defendant
7 argues about the trade-offs involved in taking precautionary measures, it is not placing
8 *feasibility* in issue."); 1 Michael H. Graham, Handbook of Federal Evidence § 407:1 (6th ed.
9 2010). Moreover, the Court excludes the evidence under Rule 403, finding that the probative
10 value, if any, is substantially outweighed by the danger of unfair prejudice and that admission
11 may mislead the jury. *See* Fed. R. Evid. 407 advisory committee's note.

   DATED this 4th day of November, 2010.

/s/ John C. Coughenour

John C. Coughenour
UNITED STATES DISTRICT JUDGE